IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: |
| v. | ) | |
| | ) | |
| MCBRIDE & SON HOMES, INC., | ) | |
| TAYLOR-MORLEY, INC., | ) | |
| WEST STAR DEVELOPMENT, LLC, | ) | |
| NOONING TREE HOMEOWNERS | ) | |
| ASSOCIATION, INC., | ) | |
| JAMES ZHAO, TIM THOMAS, WALTER | ) | |
| HANLEY, XIAOFIE YANG, RONALD | ) | |
| SHAREK, CHESTER GUNN, AND | ) | |
| PHILIP PANAGOS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff the Cincinnati Insurance Company ("Cincinnati") and for its Complaint for Declaratory Judgment states:

## PARTIES

1.      Plaintiff The Cincinnati Insurance Company is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Fairfield, Ohio, and is accordingly a citizen of the State of Ohio.

2.      Defendant McBride & Son Homes, Inc. ("McBride") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in St. Louis County, Missouri, and is a citizen of the State of Missouri.

3.      Defendant Taylor-Morley, Inc. ("Taylor-Morley") is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business in St. Louis,

Missouri, and is accordingly a citizen of the State of Missouri.

4.      Defendant West Star Development, LLC ("West Star") is a Missouri limited liability company, whose members are Taylor-Morley and McBride.  McBride is the Managing Member of West Star.  West Star is a citizen of the State of Missouri.

5.      Defendant Nooning Tree Home Owners' Association is a non-profit corporation organized and existing under the laws of the State of Missouri, with its principal place of business in St. Louis County, Missouri, and is a citizen of the State of Missouri.

6.      Defendant James Zhao is an individual residing in St. Louis County, Missouri, and is a citizen of the State of Missouri.

7.      Defendant Tim Thomas is an individual residing in St. Louis County, Missouri and is a citizen of the State of Missouri.

8.      Defendant Walter Hanley is a individual residing in the St. Louis County, Missouri and is a citizen of the State of Missouri.

9.      Defendant Xiaofie Yang is an individual residing in St. Louis County, Missouri and is a citizen of the State of Missouri.

10.      Defendant Ronald Sharek is an individual residing in St. Louis County, Missouri and is a citizen of the State of Missouri.

11.      Defendant Chester Gunn is an individual residing in St. Louis, Missouri and is a citizen of the State of Missouri.

12.      Defendant Philip Panagos is an individual residing in St. Louis County, Missouri and is a citizen of the State of Missouri.

2

## JURISDICTION AND VENUE

13.     This is a case of actual controversy among the parties with respect to rights and obligations under certain policies of insurance issued by Cincinnati to Taylor-Morley, on some of which policies West Star is also a named insured.

14.     There is complete diversity of citizenship between Cincinnati and the Defendants, in that Cincinnati is a citizen of the State of Ohio and all Defendants are citizens of the State of Missouri.

15.     The amount in controversy exceeds $75,000.

16.     This Court has jurisdiction over this action for declaratory judgment, pursuant to 28 U.S.C. §1332 and 28 U.S.C. §§2801 and 2802.

## THE UNDERLYING LITIGATION

17.     On or about February 1, 2008, an action was filed in the Circuit Court of St. Louis County, Missouri, styled *Nooning Tree Homeowners Association, Inc., and James Zhao, Tim Thomas, Walter Hanley, Xiaofie Yang, Ronald Sharek, Chester Gunn and Philip Panagos, Individually and as Proposed Representatives for a Class Comprising the Homeowners of Nooning Tree Subdivision, Plaintiffs v. McBride & Son Homes, Inc. Taylor-Morley, Inc. and West Star Development, LLC, Defendants*, Cause No. 08SL-CC00505 (the "Litigation"). An Amended Petition was filed July 25, 2008. A Second Amended Petition was filed September 3, 2008 and amended by interlineation on January 25, 2010. A true and correct copy of the Second Amended Petition, as amended by interlineation, is attached hereto as Exhibit A.

18.     In the Litigation, Nooning Tree Homeowners Association, Inc. and James Zhao, Tim Thomas, Walter Hanley, Xiaofie Yang, Ronald Sharek, Chester Gunn and Philip Panagos ("the

Homeowners") alleged: that the Nooning Tree Subdivision (the "Subdivision") was created when West Star entered into the Nooning Tree Homeowners Association Indenture (the "Indenture") with Nooning Tree Homeowners Association, Inc.; that West Star deeded common ground to the Nooning Tree Homeowners Association, Inc. pursuant to the Indenture; that West Star sold developed lots in the Nooning Tree Subdivision to McBride and Taylor-Morley; and that McBride and Taylor-Morley sold various lots to the homeowners of the Nooning Tree Subdivision.  (Ex. A, ¶¶ 16-19).

19.    The Nooning Tree Homeowners Association, Inc. and the Homeowners further alleged: that there was a slope failure near the south end of the creek that runs through the Subdivision; that "West Star caused the South Slope Failure by negligently constructing and/or designing the slopes in the area of the slide"; that the creek's movement of soil and debris into the lake at the south end of the creek has caused the level of the lake to deteriorate; and that ultimately, the deterioration of the level of the lake would result in the lake turning into a wetland/marsh area. (Second Amended Petition, ¶¶ 25-33).

20.    In addition, Nooning Tree Homeowners Association, Inc. and the Homeowners alleged that, unbeknownst to them, the lake and the creek area were and are "deed restricted to the Army Corp of Engineers," and that this "prohibits any action that disturbs the development of the wetland, absent expensive remediation payments required by the Army Corp of Engineers." (Amended Petition ¶34)

21.    Nooning Tree Homeowners Association, Inc. and the Homeowners, in their Second Amended Petition, have asserted the following claims: breach of fiduciary duty against McBride (Count I); breach of fiduciary duty against Taylor-Morley (Count II); negligent design and construction against West Star (Count III); negligent misrepresentation against McBride (Count IV);

4

negligent misrepresentation against Taylor-Morley (Count V); fraudulent misrepresentation against McBride (Count VI); fraudulent misrepresentation against Taylor-Morley (Count VII); violation of the Missouri Merchandising Practices Act against McBride (Count VIII); and violation of the Missouri Merchandising Practices Act against Taylor-Morley (Count IX).

**POLICIES ISSUED BY CINCINNATI TO TAYLOR-MORLEY**

22.     Cincinnati issued to Taylor-Morley a General Commercial Liability policy, Policy No. CPP 072 31 46, which policy was in effect from 06-01-2000 to 06-01-2003.  Cincinnati also issued to Taylor-Morley a Commercial Umbrella Liability policy, Policy No. CCC 447 63 39, which policy was in effect for the period 06-01-2000 to 06-01-2003.

23.     Policy No. CPP 072 31 46 was renewed and was in effect for the policy period 06-01-2003 to 06-01-2004 as Policy No. CPP 072 3146, which included a Commercial Umbrella Liability part.

24.     Policy No. CPP 072 3146, which included a Commercial Umbrella Liability part, was again renewed and was in effect for the policy period 06-01-2004 to 06-01-2005.

26.     Cincinnati issued to Taylor-Morley a  General Commercial Liability policy, Policy No. CPP 086 41 37, which included a Commercial Umbrella Liability part, which policy was in effect from 06-01-2005 to 06-01-2006.

27.      Cincinnati issued to Taylor-Morley a  General Commercial Liability policy, Policy No. CPP 088 92 96, which included a Commercial Umbrella Liability part, which policy was in effect from 06-01-2006 to 06-01-2007 and was renewed and in effect for the policy period 06-01-2007 to 06-01-2008.

28.     West Star was not a named insured on any of the following policies issued to Taylor-

Morley:

Commercial General Liability Policy No. CPP 072 31 46, in effect from 06-01-2000 to 06-01-2003;

Commercial Umbrella Liability Policy No. CCC 447 63 39, in effect from 06-01-2000 to 06-01-2003;

Policy No. CPP 072 31 46, in effect from 06-01-2003 to 06-01-2004 (including Commercial General Liability and Commercial Umbrella Liability Coverage).

29.     West Star, erroneously identified as "Westar, L.L.C.," was a named insured on each of the following policies, which include Commercial General Liability and Commercial Umbrella Liability coverage:

No. CPP 072 31 46, in effect from 06-01-2004 to 06-01-2005;

No. CPP 086 41 37, in effect from 06-01-2005 to 06-01-2006;

No. CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007;

No. CPP 088 92 96, in effect from 06-01-2007 to 06-01-2008.

30.     Cincinnati is defending Taylor-Morley in the underlying Litigation under a reservation of rights.

31.     Cincinnati has agreed to provide West Star with a defense under reservation of rights, but McBride and Taylor-Morley, the two members of West Star, cannot agree on counsel to represent West Star.  McBride, as the Managing Member of West Star, has demanded that Cincinnati engage the attorney representing McBride in the underlying Litigation to defend West Star, as well.  Taylor-Morley, the other member of West Star, has advised that it will not consent to Cincinnati's engaging the attorney representing McBride in the underlying litigation to represent West Star, as well.  Taylor-Morley, through counsel, has expressly stated that "The attorney retained to represent

6

West Star Development, L.L.C. must be different than the attorney representing McBride & Son Homes, Inc. because those two entities' interests are materially different."

### PROVISIONS OF COMMERCIAL GENERAL LIABILITY POLICY NO. CPP 072 31 46 IN EFFECT FROM JUNE 1, 2000 TO JUNE 1, 2003

### Insuring Agreement

32.     Commercial General Liability Policy No. CPP 072 31 46, issued to Taylor-Morley and in effect from 06-01-2000 to 06-01-2003, sets forth, in SECTION I of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM** the terms of **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY.**  Paragraph 1 of this Section is entitled "Insuring Agreement" and states, in pertinent part:

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. ...

*       *       *       *       *

No other obligation or liability to pay sums or perform acts or services is covered unless expressly provided for under **SUPPLEMENTARY PAYMENTS-COVERAGES A AND B.**

b.      This insurance applies to "bodily injury" and "property damage" only if:

(1)     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2)     The "bodily injury" or "property damage" occurs during the policy period.

7

### Exclusions

33.     Commercial General Liability Policy No. CPP 072 31 46, issued to Taylor-Morley and in effect from 06-01-2000 to 06-01-2003, in SECTION I of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**, sets forth the following exclusions:

2.     This insurance does not apply to:

a.     **Expected or Intended Injury**

"Bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended. . . .

\*     \*     \*     \*     \*

j.     **Damage to Property**

"Property damage" to:

\*     \*     \*     \*     \*

(2)     Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

\*     \*     \*     \*     \*

(5)     That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6)     That particular part of any property that must be restored, repaired or replaced because

8

"your work" was incorrectly performed on it.

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

\*       \*       \*       \*       \*

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

\*       \*       \*       \*       \*

**l.      Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.      Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

### Definitions

34.     Commercial General Liability Policy No. CPP 072 31 46, issued to Taylor-Morley and in effect from 06-01-2000 to 06-01-2003, in **SECTION V - DEFINITIONS** of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**, sets forth the following definitions:

**7.**     "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   **a.**     It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   **b.**     You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   **a.**     The repair, replacement, adjustment or removal of "your product" or "your work"; or

   **b.**     Your fulfilling the terms of the contract or agreement.

   \*     \*     \*     \*     \*

**12.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

   \*     \*     \*     \*     \*

**14.**   **a.**     "Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

      **(1)**     Products that are still in your physical possession; or

      **(2)**     Work that has not yet been completed or

10

abandoned.

**b.**   "Your work" will be deemed completed at the earliest of the following times:

   **(1)**   When all of the work called for in your contract has been completed.

   **(2)**   When all of the work to be done at the job site has been completed if your contract calls for work at more than one site.

   **(3)**   When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

   Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

   \*       \*       \*       \*       \*

**15.**   "Property damage" means:

**a.**   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

   \*       \*       \*       \*       \*

**19.**   "Your work" means:

   **a.**   Work or operations performed by you or on your behalf; and

   **b.**   Materials, parts or equipment furnished in connection with such work or operations.

11

"Your work" includes:

    **a.**    Warranties or representations made at any time with respect to fitness, quality, durability, performance or use of "your work"; and

    **b.**    The providing of or failure to provide warnings or instructions.

## PROVISIONS OF COMMERCIAL UMBRELLA LIABILITY POLICY NO.  CCC 447 63 39, IN EFFECT FROM JUNE 1, 2000 TO JUNE 1, 2003

### Insuring Agreement

35.    Commercial Umbrella Liability Policy No. CCC 447 63 39, issued to Taylor-Morley and in effect from 06-01-2000 to 06-01-2003, sets forth, in **SECTION I - COVERAGES** the terms of commercial umbrella liability coverage.   Paragraph **A.** of this Section is entitled "Insuring Agreement" and states, in pertinent part:

We will pay on behalf of the insured the "ultimate net loss" which the insured is legally obligated to pay as damages in excess of the "underlying insurance" or for an "occurrence" covered by this policy which is either excluded or not covered by "underlying insurance" because of:

    **1.**    "Bodily injury" or "property damage" covered by this policy occurring during the policy period and caused by an "occurrence"; . . .

      *     *     *     *     *

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Defense and Supplementary Payments.

### Exclusions

12

36.     Commercial Umbrella Liability Policy No. CCC 447 63 39, issued to Taylor-Morley

and in effect from 06-01-2000 to 06-01-2003, sets forth, in **SECTION I**, the following exclusions:

**B.      Exclusions**

This policy does not apply to:

*          *          *          *          *

**3.      Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**a.**     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**b.**     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

*          *          *          *          *

**6.      Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

*          *          *          *          *

**9.      Expected or Intended Injury**

13

"Bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually intended or expected.  . . .

## **Definitions**

37.     Commercial Umbrella Liability Policy No. CCC 447 63 39, issued to Taylor-Morley and in effect from 06-01-2000 to 06-01-2003, sets forth, in **SECTION V - DEFINITIONS**, the following definitions:

**6.**     "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.**     It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.**     You have failed to fulfill the terms of a contract or agreement,

if such property can be restored to use by:

**a.**     The repair, replacement, adjustment or removal of "your product" or "your work"; or

**b.**     Your fulfilling the terms of the contract or agreement.

*        *        *        *        *

**9.**     "Occurrence" means:

**a.**     An accident, including continuous or repeated exposure to substantially the same general harmful conditions that results in "bodily injury" or "property damage".

14

All damages arising from continuous or repeated exposure to substantially the same general conditions shall be deemed one "occurrence".

*     *     *     *     *

**11.**     "Products-completed operations hazard" means:

    **a.**     All "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        **(1)**     Products that are still in your physical possession; or

        **(2)**     Work that has not yet been completed or abandoned.

    **b.**     "Your work" will be deemed completed at the earliest of the following times:

        **(1)**     When all of the work called for in your contract has been completed.

        **(2)**     When all of the work to be done at the site has been completed, if your contract calls for work at more than one site.

        **(3)**     When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

*     *     *     *     *

**12.**     "Property damage" means:

    **a.**     Physical injury to or destruction of tangible property

15

including all resulting loss of use.  All such loss of use shall be deemed to occur at the time of the physical injury or destruction that caused it; or

**b.**   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\*        \*        \*        \*        \*

**19.**   "Your work" means;

**a.**   Work or operations performed by you or on your behalf; and

**b.**   Materials, parts or equipment furnished in connection with such work or operations.

"Your work" includes:

**a.**   Warranties or representations made at anytime with respect to the fitness, quality, durability, performance or use of your work; and

**b.**   The providing of or failure to provide warnings or instructions.

**PROVISIONS OF POLICIES IN EFFECT FROM
JUNE 1, 2003 TO JUNE 1, 2008**

**Commercial General Liability Coverage Form Insuring Agreement**

38.   Policy Nos. CPP 072 31 46, in effect from 06-01-2003 to 06-01-2004, CPP 072 31 46, in effect from 06-01-2004 to 06-01-2005, CPP 086 41 37, in effect from 06-01-2005 to 06-01-2006, CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007, and CPP 088 92 96, in effect from 06-01-2007 to 06-01-2008, each set forth, in SECTION I of the **COMMERCIAL GENERAL**

16

**LIABILITY COVERAGE FORM** the terms of **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY.** Paragraph 1 of this Section is entitled "Insuring Agreement" and states, in pertinent part:

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. ...

    \*    \*    \*    \*    \*

    No other obligation or liability to pay sums or perform acts or services is covered unless expressly provided for under **SUPPLEMENTARY PAYMENTS-COVERAGES A AND B.**

    **b.**    This insurance applies to "bodily injury" and "property damage" only if:

    (1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2)    The "bodily injury" or "property damage" occurs during the policy period; and

    (3)    Prior to the "coverage term" in which "bodily injury" or "property damage" occurs, you did not know, per Paragraph **1.d.** below, that the "bodily injury" or "property damage" had occurred or had begun to occur, in whole or in part.

    **c.**    "Bodily injury" or "property damage" which:

    (1)    Occurs during the "coverage term"; and

17

(2)     Was not, prior to the "coverage term", known by you, per Paragraph **1.d.** below, to have occurred;

includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the "coverage term" in which it first became known by you.

**d.**     You will be deemed to know that "bodily injury" or "property damage" has occurred at the earliest time when any "authorized representative":

(1)     Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

(2)     Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage";

(3)     First observes, or reasonably should have first observed, the "bodily injury" or "property damage";

(4)     Becomes aware, or reasonably should have become aware, by any means other than as described in **(3)** above, that "bodily injury" or "property damage" had occurred or had begun to occur; or

(5)     Becomes aware, or reasonably should have become aware, of a condition from which "bodily injury" or "property damage" was[1] substantially certain to occur.

## **Commercial General Liability Coverage Form Exclusions**

39.     Policy Nos. CPP 072 31 46, in effect from 06-01-2003 to 06-01-2004, CPP 072 31 46, in effect from 06-01-2004 to 06-01-2005, CPP 086 41 37, in effect from 06-01-2005 to 06-01-2006, CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007, and CPP 088 92 96, in effect from

---

[1]Policy No. CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007 and renewed for policy period 06-01-2007 to 06-01-2008 states "is substantially certain to occur."

06-01-2007 to 06-01-2008, each set forth, in SECTION I of the **COMMERCIAL GENERAL**

**LIABILITY COVERAGE FORM,** the following exclusions:

    **2.**    This insurance does not apply to:

        **a.**    **Expected or Intended Injury**

        "Bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually expected or intended. . . .

        \*      \*      \*      \*      \*

        **j.**    **Damage to Property**

        "Property damage" to:

        \*      \*      \*      \*      \*

        **(2)**    Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

        \*      \*      \*      \*      \*

        **(5)**    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

        **(6)**    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

        \*      \*      \*      \*      \*

Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for

19

rental by you.

&ast;  &ast;  &ast;  &ast;  &ast;

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

&ast;  &ast;  &ast;  &ast;  &ast;

**l.**  **Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

  **m.**  **Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

  **(1)**  A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

  **(2)**  A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**<u>Commercial General Liability Coverage Form Definitions</u>**

  40.  Policy Nos. CPP 072 31 46, in effect from 06-01-2003 to 06-01-2004, CPP 072 31

46, in effect from 06-01-2004 to 06-01-2005, CPP 086 41 37, in effect from 06-01-2005 to 06-01-

2006, CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007, and CPP 088 92 96, in effect from 06-01-2007 to 06-01-2008, each set forth, in SECTION V - DEFINITIONS of the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM,** the following definitions:

    **2.**    "Authorized representative" means:

        **a.**    If you are designated in the Declarations as:

            *    *    *    *    *

            (3)    A limited liability company, your members and your managers are "authorized representatives".

            *    *    *    *    *

        **b.**    Your "employees":

            (1)    Assigned to manage your insurance program; or

            (2)    Responsible for giving or receiving notice of an "occurrence", "personal and advertising injury" offense, claim or "suit";

        are also "authorized representatives".

            *    *    *    *    *

    **5.**    "Coverage term" means the following individual increment, or if a multi-year policy period, increments, of time, which comprise the policy period of this Coverage Part:

        **a.**    The year commencing on the Effective Date of this Coverage Part at 12:01 AM standard time at your mailing address shown in the Declarations, and if a multi-year policy period, each consecutive annual period thereafter, or portion thereof if any period is for a period of less than 12 months, constitute individual "coverage terms". The last "coverage term" ends at 12:00 AM standard time at your mailing address shown in the Declarations on the earlier of:

(1)     The day the policy period shown in the Declarations ends; or

(2)     The day the policy to which this Coverage Part is attached is terminated or cancelled.

**b.**     However, if after the issuance of this Coverage Part, any "coverage term" is extended for an additional period of less than 12 months, that additional period of time will be deemed to be part of the last preceding "coverage term".

\*       \*       \*       \*       \*

**11.**     "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

**a.**     It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

**b.**     You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by:

**a.**     The repair, replacement, adjustment or removal of "your product" or "your work"; or

**b.**     Your fulfilling the terms of the contract or agreement.

\*       \*       \*       \*       \*

**16.**     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\*       \*       \*       \*       \*

**19.**     "Products-completed operations hazard"

22

a.   Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1)   Products that are still in your physical possession; or

(2)   Work that has not yet been completed or abandoned.  However, "your work" will be deemed completed at the earliest of the following times:

(a)   When all of the work called for in your contract has been completed; or

(b)   When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site; or

(c)   When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

\*        \*        \*        \*        \*

20.   "Property damage" means:

a.   Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.   Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur

23

at the time of the "occurrence" that caused it. . . .

\* \* \* \* \*

26.    "Your work":

    a.    Means:

        (1)    Work or operations performed by you or on your behalf; and

        (2)    Materials, parts or equipment furnished in connection with such work or operations.

    b.    Includes:

        (1)    Warranties or representations made at any time with respect to fitness, quality, durability, performance or use of "your work"; and

        (2)    The providing of or failure to provide warnings or instructions.

**Umbrella Liability Coverage Form Insuring Agreement**

41.    Policy Nos. CPP 072 31 46, in effect from 06-01-2003 to 06-01-2004, CPP 072 31 46, in effect from 06-01-2004 to 06-01-2005, CPP 086 41 37, in effect from 06-01-2005 to 06-01-2006, CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007, and CPP 088 92 96, in effect from 06-01-2007 to 06-01-2008, each set forth, in **SECTION I** of the **COMMERCIAL UMBRELLA LIABILITY COVERAGE FORM**, the terms of commercial umbrella liability coverage. Paragraph **A.** of this Section is entitled "Insuring Agreement" and states, in pertinent part:

    1.    We will pay on behalf of the insured the "ultimate net loss" which the insured is legally obligated to pay as damages for "bodily injury", "personal and advertising injury" or "property damage" to which this insurance applies:

24

      **a.**     Which is in excess of the "underlying insurance"; or

      **b.**     Which is either excluded or not insured by "underlying insurance".

**2.**     This insurance applies to "bodily injury", "personal and "advertising injury" or "property damage" only if:

      **a.**     The "bodily injury", "personal and advertising injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

      **b.**     The "bodily injury" or "property damage" occurs during the policy period shown in the Declarations; or

      **c.**     The "personal and advertising injury" results from an "occurrence" that takes place during the policy period shown in the Declarations; and

      **d.**     Prior to the "coverage term" in which "bodily injury" or "property damage" occurs or a "personal and advertising injury" offense is committed, you did not know, per paragraph **5.** below, that the "bodily injury" or "property damage" had occurred or had begun to occur, in whole or in part, or that the "personal and advertising injury" offense had been committed or had begun to be committed, in whole or in part.

**3.**     "Bodily injury" or "property damage" which:

      **a.**     Occurs during the "coverage term"; and

      **b.**     Was not, prior to the "coverage term", known by you, per Paragraph **5.** below, to have occurred;

includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the "coverage term" in which it first became known by you.

*     *     *     *     *

**5.**     You will be deemed to know that "bodily injury" or "property

25

damage" has occurred, or that a "personal and advertising injury" offense has been committed at the earliest time when any "authorized representative":

**a.**   Reports all, or any part, of the "bodily injury", "personal and advertising injury" or "property damage" to us or any other insurer;

**b.**   Receives a written or verbal demand or claim for damages because of the "bodily injury", "personal and advertising injury" or "property damage";

**c.**   First observes, or reasonably should have first observed, the "bodily injury" or "property damage" or the offense that caused the "personal and advertising injury";

**d.**   Becomes aware, or reasonably should have become aware, by any means, other than as described in **c.** above, that "bodily injury" or "property damage" had occurred or had begun to occur, or that the "personal and advertising injury" offense had been committed or had begun to be committed; or

**e.**   Becomes aware, or reasonably should have become aware of a condition from which "bodily injury", "personal and advertising injury" or "property damage" is substantially certain to occur.

## Umbrella Liability Coverage Form Exclusions

42.   Policy Nos. CPP 072 31 46, in effect from 06-01-2003 to 06-01-2004, CPP 072 31 46, in effect from 06-01-2004 to 06-01-2005, CPP 086 41 37, in effect from 06-01-2005 to 06-01-2006, CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007, and CPP 088 92 96, in effect from 06-01-2007 to 06-01-2008, each set forth, in **SECTION I** of the **COMMERCIAL UMBRELLA LIABILITY COVERAGE FORM**, the following exclusions (as modified by the **CONTRACTORS LIMITATION** Endorsement with respect to **Exclusion 7.  Damage to Your**

**Work**):

    **B.**     **Exclusions**

This insurance does not apply to:

*     *     *     *     *

    **4.**     **Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

        **a.**     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

        **b.**     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

    This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

*     *     *     *     *

    **7.**     **Damage to Your Work**

    "Property damage" to "your work" arising out of it or any part of it and included in the "product-completed operations hazard".

    This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor, provided such liability is insured by valid and collectible "underlying insurance", as listed and described in the Schedule of Underlying insurance, and then only for such hazards for which coverage is afforded by such "underlying insurance".

*     *     *     *     *

27

11.     **Expected or Intended Injury**[2]

"Bodily injury" or "property damage" which may reasonably be expected to result from the intentional or criminal acts of the insured or which is in fact expected or intended by the insured, even if the injury or damage is of a different degree or type than actually intended or expected. . . .

**Umbrella Liability Coverage Form Definitions**

42.     Policy Nos. CPP 072 31 46, in effect from 06-01-2003 to 06-01-2004, CPP 072 31

46, in effect from 06-01-2004 to 06-01-2005, CPP 086 41 37, in effect from 06-01-2005 to 06-01-

2006, CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007, and CPP 088 92 96, in effect from

06-01-2007 to 06-01-2008, each set forth, in **SECTION V - DEFINITIONS** of the

**COMMERCIAL UMBRELLA LIABILITY COVERAGE FORM**, the following definitions:

**2.**     "Authorized representative" means:

**a.**     If you are:

        *       *       *       *       *

(3)     A limited liability company, your members and your managers are "authorized representatives".

        *       *       *       *       *

**b.**     Your "employees" assigned to manage your insurance program, or assigned to give or receive notice of an "occurrence", offense, claim or "suit" are also "authorized representatives".

        *       *       *       *       *

**5.**     "Coverage term" means the following individual increment, or if a multi-year policy period, increments, of time, which comprise the

---

[2] This exclusion is paragraph 13 in Policy No. CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007 and renewed for policy period 06-01-2007 to 06-01-2008.

policy period of this Coverage Part:

    **a.**    The year commencing on the Effective Date of this Coverage Part at 12:01 AM standard time at your mailing address shown in the Declarations, and if a multi-year policy period, each consecutive annual period thereafter, or portion thereof if any period is for a period of less than 12 months, constitute individual "coverage terms". The last "coverage term" ends at 12:00 AM standard time at your mailing address shown in the Declarations on the earlier of:

        (1)    The day the policy period shown in the Declarations ends; or

        (2)    The day the policy to which this Coverage Part is attached is terminated or cancelled.

    **b.**    However, if after the issuance of this Coverage Part, any "coverage term" is extended for an additional period of less than 12 months, that additional period of time will be deemed to be part of the last preceding "coverage term".

*     *     *     *     *

**11.**    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

    **a.**    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

    **b.**    You have failed to fulfill the terms of a contract or agreement,

if such property can be restored to use by:

    **a.**    The repair, replacement, adjustment or removal of "your product" or "your work"; or

    **b.**    Your fulfilling the terms of the contract or agreement.

\*        \*        \*        \*        \*

16.    "Occurrence" means:

    **a.**    An accident, including continuous or repeated exposure to substantially the same general harmful conditions that results in "bodily injury" or "property damage"; . . .

\*        \*        \*        \*        \*

19.    "Products-completed operations hazard":

    **a.**    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        **(1)**    Products that are still in your physical possession; or

        **(2)**    Work that has not yet been completed or abandoned.  However, "your work" will be deemed completed at the earliest of the following times:

            **(a)**    When all of the work called for in your contract has been completed.

            **(b)**    When all of the work to be done at the site has been completed, if your contract calls for work at more than one site.

            **©**    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

            Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as

completed.

\*      \*      \*      \*      \*

20.    "Property damage" means:

a.    Physical injury to or destruction of tangible property including all resulting loss of use. All such loss of use shall be deemed to occur at the time of the physical injury or destruction that caused it; or

b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. . . .

\*      \*      \*      \*      \*

29.    "Your work":

a.    Means:

(1)    Work or operations performed by you or on your behalf; and

(2)    Materials, parts or equipment furnished in connection with such work or operations.

b.    Includes:

(1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

(2)    The providing of or failure to provide warnings or instructions.

**EXCLUSION - CONTRACTORS PROFESSIONAL LIABILITY ENDORSEMENT TO POLICIES IN EFFECT FROM JUNE 1, 2005 TO JUNE 1, 2008**

31

43.     Policy Nos. CPP 086 41 37, in effect from 06-01-2005 to 06-01-2006, CPP 088 92

96, in effect from 06-01-2006 to 06-01-2007, and CPP 088 92 96, in effect from 06-01-2007 to 06-

01-2008, each contained an endorsement to the **COMMERCIAL GENERAL LIABILITY**

**COVERAGE PART,** labeled **EXCLUSION-CONTRACTORS-PROFESSIONAL LIABILITY**,

which provides in pertinent part:

1.     This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering of or failure to render any professional services by you or on your behalf, but only with respect to either or both of the following operations:

   a.     Providing engineering, architectural or surveying services to others; and

   b.     Providing, or hiring independent professionals to provide, engineering, architectural or surveying services in connection with construction work you perform.

2.     Subject to Paragraph **3.**, below, professional services include:

   a.     Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders, or drawings and specifications; and

   b.     Supervisory or inspection activities performed as part of any related architectural or engineering activities.

3.     Professional services do not include services within construction means, methods, techniques, sequences and procedures employed by you in connection with construction work you perform.

**COUNT I - ACTION FOR DECLARATORY JUDGMENT CONCERNING
<u>DEFENSE OF WEST STAR</u>**

COMES NOW Plaintiff The Cincinnati Insurance Company ("Cincinnati") and for Count

32

I of its Complaint for Declaratory Judgment states:

44.     Cincinnati realleges and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 31 of this Complaint.

45.     On or about February 11, 2009, Cincinnati agreed to provide West Star with a defense under reservation of rights.

46.     Cincinnati has offered to have an attorney from either of two firms, whose names have been provided, neither of which is involved in the defense of either McBride or Taylor-Morley, serve as West Star's counsel under reservation of rights.

47.     McBride, as the Managing Member of West Star, has demanded that Cincinnati engage the attorney representing McBride in the underlying Litigation to defend West Star, as well, under reservation of rights.

48.     Taylor-Morley, the other member of West Star, has advised that it will not consent to the representation of West Star by the attorney representing McBride in the underlying Litigation. By letter from its counsel, dated November 16, 2009, and attached hereto as Exhibit B, Taylor-Morley informed Cincinnati: "The attorney retained to represent West Star Development, L.L.C. must be different than the attorney representing McBride & Son Homes, Inc. because those two entities' interests are materially different."

49.     Upon information and belief, West Star's operating agreement allows Taylor-Morley input into or partial control over selection of West Star's defense counsel in this matter.

50.     In addition, given the allegations made in the Second Amended Petition in the underlying Litigation, a vigorous defense of McBride, or of West Star, may well make these two parties "directly adverse" to one another, such that an attorney attempting to represent both McBride

33

and West Star would have a conflict of interest under Missouri Rule of Professional Conduct 4-1.7(a)(1).

51.    In addition, given the allegations made in the Second Amended Petition in the underlying Litigation, a vigorous defense of McBride, or of West Star, may well make these two parties "directly adverse" to one another, such that an attorney attempting to represent both McBride and West Star would have a conflict of interest under Missouri Rule of Professional Conduct 4-1.7(a)(1).

52.    In addition, although Missouri Rule of Professional Conduct 4-1.13(e) allows a "lawyer representing an organization" to "represent any of its directors, officers, employees, members, shareholders, or other constituents, subject to the provisions of Rule 4-1.7," it further provides that if "the organization's consent to the dual representation is required by Rule 4-1.7, the consent shall be given by an appropriate official of the organization other than the individual who is to be represented or by the shareholders."  Because there is likely a conflict of interest between West Star and McBride, and because McBride is the other party to be represented by the attorney it has proposed for dual representation of McBride and West Star, only Taylor-Morley can provide consent for West Star to the dual representation and it has declined to do so.

53.    Cincinnati is willing, and has offered, to have either of the attorneys it previously identified, neither of whom is involved in the representation of either McBride or Taylor-Morley in the underlying Litigation, serve as West Star's defense counsel under reservation of rights.  In the alternative, Cincinnati is willing to engage, for West Star's defense under reservation of rights, another attorney acceptable to both McBride and Taylor-Morley at a reasonable rate comparable to those of the attorneys Cincinnati has previously offered to engage for the defense of West Star under

reservation of rights.

54.    Cincinnati cannot engage McBride's counsel to defend West Star under reservation of rights over Taylor-Morley's objection, without violating its duties to its other named insured, Taylor-Morley.

WHEREFORE, Plaintiff The Cincinnati Insurance Company prays that this Court:

(a)    declare that Cincinnati is not obligated to, and cannot, engage the attorney representing McBride in the underlying litigation to represent West Star in the underlying litigation without the consent of Taylor-Morley;

(b)    declare that Cincinnati has no duty to defend West Star as West Star's members cannot agree upon counsel; and

©    award Cincinnati its costs of suit incurred herein and grant Cincinnati such other and further relief as the Court may deem just, equitable and proper.

## COUNT II - ACTION FOR DECLARATORY JUDGMENT CONCERNING CINCINNATI'S RIGHTS AND OBLIGATIONS WITH RESPECT TO WEST STAR

COMES NOW Plaintiff The Cincinnati Insurance Company ("Cincinnati") and for Count II of its Complaint for Declaratory Judgment states:

55.    Cincinnati realleges and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 43 of this Complaint.

56.    West Star is not listed as a named insured on the following policies:

No. CPP 072 31 46, in effect from 06-01-2000 to 06-01-2003;

No. CCC 447 63 39, in effect from 06-01-2000 to 06-01-2003;

No. CPP 072 31 46, in effect from 06-01-2003 to 06-01-2004.

57.     Each of the above-listed policies contains the following provision:

**SECTION II- WHO IS AN INSURED**

\*      \*      \*      \*      \*

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

58.     Policy Nos. CPP 072 31 46, in effect from 06-01-2000 to 06-01-2003,  CCC 447 63 39, in effect from 06-01-2000 to 06-01-2003 and CPP 072 31 46, in effect from 06-01-2003 to 06-01-2004, provide no coverage to West Star with respect to the underlying Litigation, because West Star is not an insured under any of those policies.

59.     The "coverage term" for West Star began June 1, 2004, when West Star was  named as an insured in Policy No. CPP 072 31 46, in effect from 06-01-2004 to 06-01-2005.

60.     Policy Nos. CPP 072 31 46, in effect from 06-01-2004 to 06-01-2005, CPP 086 41 37, in effect from 06-01-2005 to 06-01-2006, CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007, and CPP 088 92 96, in effect from 06-01-2007 to 06-01-2008, provide no coverage to West Star with respect to the underlying Litigation, because the underlying Litigation does not allege "property damage" caused by an "occurrence" as the term "occurrence" is defined in the policies.

61.     Policy Nos. CPP 072 31 46, in effect from 06-01-2004 to 06-01-2005, CPP 086 41 37, in effect from 06-01-2005 to 06-01-2006, CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007, and CPP 088 92 96, in effect from 06-01-2007 to 06-01-2008, provide no coverage to West Star with respect to the underlying Litigation, because to the extent the underlying Litigation alleges "property damage," West Star, through its members, Managing Member and employees, either

36

became aware, or reasonably should have become aware, prior to June 1, 2004, that the alleged "property damage" had occurred or had begun to occur, in whole or in part, or became aware, or reasonably should have become aware, of a condition from which property damage was substantially certain to occur.  As a result, West Star is deemed to have known, prior to June 1, 2004, that any property damage alleged in the underlying Litigation had occurred or had begun to occur, in whole or in part, and the policies provide no coverage for West Star with respect to the underlying Litigation.

62.     Policy Nos. CPP 072 31 46, in effect from 06-01-2004 to 06-01-2005, CPP 086 41 37, in effect from 06-01-2005 to 06-01-2006, CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007, and CPP 088 92 96, in effect from 06-01-2007 to 06-01-2008 provide no coverage to West Star with respect to the underlying Litigation because, to the extent that the underlying Litigation alleges "property damage," it alleges "property damage either expected or intended from the standpoint of the insured."

63.     Policy Nos. CPP 072 31 46, in effect from 06-01-2004 to 06-01-2005, CPP 086 41 37, in effect from 06-01-2005 to 06-01-2006, CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007, and CPP 088 92 96, in effect from 06-01-2007 to 06-01-2008 provide no coverage to West Star with respect to the underlying Litigation because, to the extent that the underlying Litigation alleges "property damage," it alleges "property damage" to West Star's work or any part of it that is included in the policies' products-completed operations hazard.

64.     Policy Nos. CPP 072 31 46, in effect from 06-01-2004 to 06-01-2005, CPP 086 41 37, in effect from 06-01-2005 to 06-01-2006, CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007, and CPP 088 92 96, in effect from 06-01-2007 to 06-01-2008 provide no coverage to West

37

Star with respect to the underlying Litigation because, to the extent that the underlying Litigation alleges "property damage," it alleges "property damage" to "impaired property" or property that has not been physically injured, arising out of a defect, inadequacy or dangerous condition in West Star's work or West Star's failure to fulfill the terms of a contract or agreement, and the property can be restored to use by the repair, replacement, adjustment or removal of West Star's work or by West Star's fulfilling the terms of the contract or agreement.

65.     Policy Nos. CPP 072 31 46, in effect from 06-01-2004 to 06-01-2005, CPP 086 41 37, in effect from 06-01-2005 to 06-01-2006, CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007, and CPP 088 92 96, in effect from 06-01-2007 to 06-01-2008 provide no coverage to West Star with respect to the underlying Litigation because, to the extent that the underlying Litigation alleges "property damage," it alleges "property damage" to premises that West Star sold, gave away or abandoned and the "property damage" arises out of a part of those premises.

66.     The policies provide no coverage to West Star with respect to the underlying Litigation because, to the extent that the underlying Litigation alleges "property damage," it alleges "property damage" to a particular part of property that had to be restored, repaired or replaced because West Star's work was incorrectly performed on it.

67.     Policy Nos. CPP 086 41 37, in effect from 06-01-2005 to 06-01-2006, CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007, and CPP 088 92 96, in effect from 06-01-2007 to 06-01-2008 provide no coverage to West Star with respect to the underlying Litigation because, to the extent that the underlying Litigation alleges "property damage," it alleges "property damage" within the Exclusion - Contractors Professional Liability Endorsement to those policies.

WHEREFORE The Cincinnati Insurance Company prays that this Court:

(a) declare that Cincinnati has no obligation to defend or indemnify West Star in connection with the underlying Litigation under any of the Cincinnati policies covering a period prior to June 1, 2004;

(b) declare that Cincinnati has no obligation to defend West Star in the underlying Litigation;

© declare that Cincinnati has no obligation to pay any sums that West Star may become legally obligated to pay as damages in the underlying Litigation;

(d) award Cincinnati its costs of suit incurred herein and grant Cincinnati such other and further relief as the Court may deem just, equitable and proper.

## COUNT III - ACTION FOR DECLARATORY JUDGMENT CONCERNING CINCINNATI'S RIGHTS AND OBLIGATIONS WITH RESPECT TO TAYLOR-MORLEY

COMES NOW Plaintiff The Cincinnati Insurance Company ("Cincinnati") and for Count III of its Complaint for Declaratory Judgment states:

68.    Cincinnati realleges and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 43 of this Complaint.

69.    The policies issued by Cincinnati to Taylor-Morley provide no coverage to Taylor-Morley with respect to the underlying Litigation, because the underlying Litigation does not allege "property damage" caused by an "occurrence" as the term "occurrence" is defined in the policies.

70.    The policies issued by Cincinnati to Taylor-Morley provide no coverage to Taylor-Morley with respect to the underlying Litigation because, to the extent that the underlying Litigation alleges "property damage," it alleges "property damage either expected or intended from the standpoint of the insured."

39

71.     The policies issued by Cincinnati to Taylor-Morley provide no coverage to Taylor-Morley with respect to the underlying Litigation because, to the extent that the underlying Litigation alleges "property damage," it alleges "property damage" to Taylor-Morley's work or any part of it that is included in the policies' products-completed operations hazard.

72.     The policies issued by Cincinnati to Taylor-Morley provide no coverage to Taylor-Morley with respect to the underlying Litigation because, to the extent that the underlying Litigation alleges "property damage," it alleges "property damage" to "impaired property" or property that has not been physically injured, arising out of a defect, inadequacy or dangerous condition in Taylor-Morley's work or Taylor-Morley's failure to fulfill the terms of a contract or agreement, and the property can be restored to use by the repair, replacement, adjustment or removal of Taylor-Morley's work or by Taylor-Morley's fulfilling the terms of the contract or agreement.

73.     The policies issued by Cincinnati to Taylor-Morley provide no coverage to Taylor-Morley with respect to the underlying Litigation because, to the extent that the underlying Litigation alleges "property damage," it alleges "property damage" to premises that Taylor-Morley sold, gave away or abandoned and the "property damage" arises out of a part of those premises.

74.     The policies issued by Cincinnati to Taylor-Morley provide no coverage to Taylor-Morley with respect to the underlying Litigation, because, to the extent that the underlying Litigation alleges "property damage," it alleges "property damage" to a particular part of property that had to be restored, repaired or replaced because Taylor-Morley's work was incorrectly performed on it.

75.     Policy Nos. CPP 086 41 37, in effect from 06-01-2005 to 06-01-2006, CPP 088 92 96, in effect from 06-01-2006 to 06-01-2007, and CPP 088 92 96, in effect from 06-01-2007 to 06-01-2008 provide no coverage to Taylor-Morley with respect to the underlying Litigation because,

40

to the extent that the underlying Litigation alleges "property damage," it alleges "property damage" within the Exclusion - Contractors Professional Liability Endorsement to those policies.

WHEREFORE The Cincinnati Insurance Company prays that this Court:

(a) declare that Cincinnati has no obligation to defend Taylor-Morley in the underlying Litigation;

(b) declare that Cincinnati has no obligation to pay any sums that Taylor-Morley may become legally obligated to pay as damages in the underlying Litigation;

(c) award Cincinnati its costs of suit incurred herein and grant Cincinnati such other and further relief as the Court may deem just, equitable and proper.

Respectfully submitted,

**BUCKLEY & BUCKLEY, L.L.C.**

By:_____
Martin J. Buckley       #37000
Attorney for Plaintiff
Cincinnati Insurance Company
1139 Olive St., Suite 800
St. Louis, MO 63101
Telephone: (314) 621-3434
Facsimile: (314) 621-3485
mbuckley@buckleylawllc.com