UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10cv2239 TCM |
| ) | |
| McBRIDE & SON HOMES, INC. et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on McBride and Son Homes, Inc.'s (McBride) second Motion to Dismiss. [Doc. 57]

In a previous order, the Court granted McBride's motion to dismiss after the parties voluntarily dismissed Count I of the original complaint. The Court allowed Plaintiff time to amend its complaint to more clearly allege why McBride should be liable under Counts II and III. See Fed.R.Civ.P. 8(a)(2). In response, Plaintiff filed a sixty-five paragraph First Amended Complaint in which it alleges only that McBride is a necessary party and has an interest through claims or potential claims arising out of the underlying litigation. (Am. Compl. ¶ 16, ECF No. 53.) No further allegations against McBride were pled.

In opposition to McBride's first motion to dismiss, Plaintiff specifically referred only to Count I of its complaint and also alleged that McBride had an interest in the outcome of the litigation. The Court found these allegations failed to satisfy Rule 8(a)(2)'s requirement that a plaintiff "clearly identif[y] how each defendant was involved in the conduct about which he complains." **Jones v. Pollard-Buckingham**, 348 F.3d 1072, 1073 (8th Cir. 2003).

Nothing new about McBride has been alleged by Plaintiff in the Amended Complaint.  For the same reasons as set forth in the Court's previous order, these allegations fail to state a claim.  Accordingly,

**IT IS HEREBY ORDERED** that the motion to dismiss of McBride & Son Homes, Inc., is **GRANTED**.  [Doc. 57]  McBride &Son Homes, Inc., is DISMISSED.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  26th day of January, 2012.